**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:25-CV-00132-KDB-WCM**

| | |
|---|---|
| **AUTUMN WHITENER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,**<br><br>**Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff Autumn Whitener's ("Whitener") appeal of an unfavorable administrative decision denying her application for a period of disability and disability insurance benefits under the Social Security Act (Doc. No. 1); the Memorandum and Recommendation ("M&R") of the Honorable Magistrate Judge W. Carleton Metcalf (Doc. No. 11), which recommends that the Commissioner's decision be affirmed; and Plaintiff's Objection to the M&R (Doc. No. 12). Having carefully reviewed and considered the parties' briefs, the administrative record, and the applicable authority, the Court finds the Commissioner's decision to deny Ms. Whitener's Social Security benefits is supported by substantial evidence and uses the correct legal standards. Accordingly, the Court will adopt the M&R and the Commissioner's decision will be **AFFIRMED**.

## I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and

recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party wishing to avail itself of its right to de novo review must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) (internal quotation marks and citation omitted). However, the Court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. FACTS AND PROCEDURAL HISTORY

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (explaining courts are not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised).

## III. DISCUSSION

The Court has conducted an independent review of the M&R and the applicable record. Whitener asserts two objections to the M&R, arguing that the Magistrate Judge erred by (1) failing to address Whitener's argument that the ALJ did not fully account for her irritable bowel syndrome ("IBS") in her residual functional capacity ("RFC"); and (2) "approving the ALJ's evaluation of

Whitener's symptom reports." (Doc. No. 12 at 2-3.) For the reasons discussed below, the Court will overrule the objections.

The Fourth Circuit has emphasized that when "the medical sources arguably point in different directions," it is the ALJ's duty as the factfinder to resolve the conflicting medical evidence. *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025) (quoting *Richardson v. Perales*, 402 U.S. 389, 399 (1971)). When the ALJ fulfills that duty by applying the proper factors, the court should not "Monday-morning-quarterback the decision unless it is exceptionally clear that the ALJ made a mistake." *Id.* Courts may not "re-weigh conflicting evidence, make credibility determinations, or substitute [their] judgment for the ALJ's." *Id.* (quoting *Arakas v. Comm'r of Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020)) (additional citations and internal quotations omitted). Thus, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.* (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)) (citation modified).

Still, an ALJ has an "obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)). However, "this Circuit has recognized that there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Jonathan W. v. Kijakazi*, No. 2:23-CV-00315, 2023 WL 5767748, at *9 (S.D.W. Va. Aug. 17, 2023), *report and recommendation adopted*, No. 2:23-CV-00315, 2023 WL 5751445 (S.D.W. Va. Sept. 6, 2023) (quoting *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014)). And an ALJ's "failure to cite specific evidence does not indicate that it was not considered." *Manigo v. Colvin*, No. 0:13-

CV-3185-BHH, 2015 WL 74954, at *5 (D.S.C. Jan. 6, 2015) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)).

In sum, there is "no particular language or format that an ALJ must use in [her] . . . analysis as long as there is sufficient development of the record and explanation of the findings to permit meaningful review." *Jonathan W.*, 2023 WL 5767748, at *9 (quoting *Clark v. Comm'r of Soc. Sec.*, No. 2:09-CV-417, 2010 WL 2730622, at *17 (E.D. Va. June 3, 2010)) (citation omitted). An ALJ's opinion is "sufficient if it not only sets forth the facts used in rendering [her] decision, but it also provides a thorough examination of the medical evidence." *Id.* (internal quotations omitted). Finally, it is imperative that an ALJ's decision be "read as a whole in order to discern whether substantial evidence supports a finding." *Id.*

In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" as follows:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Under the "substantial evidence" standard, the Court asks only whether the administrative record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). The threshold "is not high." *Id.* at 103.

**A. IBS**

First, Whitener objects that the M&R erred by failing to address Whitener's argument that the ALJ did not explain how he accounted for her IBS in the RFC. In particular, Whitener argues that the M&R should not have accepted the ALJ's RFC while noting the explanation of the impact of her IBS could have been "more robust." (Doc. No. 12 at 1.) She claims that her frequent

bathroom breaks were not properly reflected in the RFC and the ALJ did not explain the omission; so, the Court cannot review the ALJ's decision for substantial evidence. (*Id.* at 3.)

The Court disagrees. The M&R correctly concluded that the ALJ did not err by failing to explicitly state that he considered Whitener's IBS in the RFC analysis. Notably, Whitener does not meaningfully challenge the M&R's central determination—that the ALJ considered and concluded that Plaintiff's symptoms were controlled when she was compliant with treatment recommendations. Instead, Whitener narrowly focuses on the M&R's observation that the ALJ's explanation regarding Plaintiff's IBS could have been "more robust." In doing so, Plaintiff overstates what is necessary for an ALJ to form an "accurate and logical bridge" from the evidence to the conclusion and expands the Court's limited role in reviewing the ALJ's determination. The ALJ's logical bridge need not be ironclad; it needs only pillars built with substantial evidence. *See Biestek*, 587 U.S. at 102-03. Here, it does. When read "as a whole," as the Court must do, *Jonathan W.*, 2023 WL 5767748, at *9, the ALJ decision is supported by substantial evidence, notwithstanding a comment that it could have been "more robust."

**B. Evaluation of Symptom Reports**

Second, Whitener objects that the M&R erred by approving the ALJ's evaluation of her symptom reports. (Doc. No. 12 at 3.) Specifically, Whitener contends that the ALJ improperly discounted her symptom reports because of his assessment of her credibility based on inconsistencies about her marriage and living situation. *Id.* Whitener also objects because the ALJ did not address whether her treatment non-compliance was a symptom of her conditions. *Id.* Lastly, Whitener contends that while the ALJ mentioned that she went to church, took her daughter to school, and traveled, the ALJ did not fully consider the "limited nature of her activities, like preparing crockpot meals or starting the washing machine." *Id.* at 4.

Again, the Court disagrees. The M&R properly reviews the ALJ's two-step framework set forth in 20 C.F.R. §§ 401.1529, 416.1529 and SSR 16-3p, (Doc. No. 11 at 8) and cites from the record the substantial evidence supporting the ALJ's conclusions concerning pain and fatigue. (*See id.* at 10-11) (citing AR 402 (finger pain); (AR 1039 (uncontrolled joint pain); AR 1027 (treatment note of same); AR 1277 (pain in hands, knees, and ankle; muscle aches, weakness, cramps, and fatigue; joint, neck and back pain)). And the ALJ assessed the record where reports indicated stable energy and less pain. (*Id.* at 11.) Although Whitener takes issue, for example, with the M&R not mentioning that her ability to do laundry was limited, this by itself is insufficient to remand, much less reverse, the ALJ, particularly when the ALJ specifically addressed this limitation at the hearing and in his opinion, quoting Whitener's response. (*See* Doc. No. 4-2 at 24) ("The claimant later testified that she did not sort laundry and had her family toss all laundry in the washing machine and she just turned it on. . . . and [she said,] 'if the whites turn pink, oh well.'")

Therefore, the Court agrees with the M&R that the ALJ explained his reasoning adequately and considered the intensity and persistence of Plaintiff's alleged symptoms. The Court need not—indeed, must not—reweigh the evidence or make unnecessary credibility determinations on review. *See Drumgold*, 144 F.4th at 605; *Arakas*, 983 F.3d at 95. The ALJ weighed the full record in arriving at a conclusion that the evidence in the record was more than a "scintilla," *Smith*, 782 F.2d at 1179, and "a reasonable mind would accept as adequate" the substantial evidence to support the conclusion. *Biestek*, 587 U.S. at 102-03.

Because the Court finds that the M&R correctly concluded that the ALJ supported his decision with substantial evidence, it would be inappropriate for this Court to reweigh the evidence and supplant the ALJ's considered judgment. Accordingly, the Court will adopt the M&R and affirm the Commissioner.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Magistrate Judge's M&R (Doc. No. 11) is **ADOPTED**;
2. Plaintiff's Social Security Appeal (Doc. No. 1) is **DENIED**;
3. The Commissioner's Decision is **AFFIRMED**; and
4. The Clerk is directed to close this matter in accordance with this Order

**SO ORDERED ADJUDGED AND DECREED.**

Signed: September 16, 2026

Kenneth D. Bell
United States District Judge